GLADDEN *et al. v.* MOBLEY, superintendent of banks.

No. 8185.   JULY 15, 1931.

*J. S. Edwards* and *M. J. Head,* for plaintiffs.
*Griffith & Matthews,* for defendant.

HINES, J.   G. M. Gladden Jr., L. P. Allen, and G. C. Allen filed their petition against A. B. Mobley as superintendent of banks, and the sheriff, in which they made this case:   On June 28, 1927, the defendant brought suit against the plaintiffs and J. F. Williams on their promissory note to the Bank of Tallapoosa, for $93.50, besides interest and attorney's fees.   He obtained judgment, and execution issued thereon.   The Allens were sureties on said note.   At the time said suit was brought Gladden resided in the State of Alabama, and was never served with said suit and had no notice thereof.   Gladden alleges that on or about October 1, 1925, he pledged with said bank, as collateral security for said note, warehouse receipts for three bales of cotton.   Williams was interested in this cotton to the extent of one fourth.   The three fourths interest of Gladden in said cotton was of the value of $145.   The Bank of Tallapoosa was taken over by the defendant for liquidation, and is still in his hands for that purpose.   The defendant had full knowledge of the pledge of said cotton as collateral security for said note.   The Allens, at the time they were served with said suit, had no knowledge that said cotton had been so pledged by Gladden as collateral security, and for this reason they did not defend the suit.   The execution is in the hands of the

sheriff, who threatens to levy it on the property of the Allens. Williams and Gladden are insolvent, and the Allens will suffer loss from the payment of said execution. Petitioners pray that the amount of $145 be applied to the settlement of the execution, and that the defendants be enjoined from collecting it.

The defendant Mobley answered, denying the allegations on which the plaintiffs relied for relief. He alleged that the Allens defended the previous suit on the same ground as that on which they seek relief in this case. On the trial the jury rendered a verdict in favor of the defendant. The plaintiffs moved for a new trial upon the general grounds; and by amendment added two special grounds. One of these is that the court erred in charging the jury as follows: "By preponderance of the evidence is meant the superior weight of evidence." The error assigned is that the court erred in not giving in charge to the jury section 5731 of the Civil Code in full. The other ground is based on alleged newly discovered evidence, as follows: M. C. Allen saw a receipt signed by Williams and Davis, which recited that it was in full settlement of mule note made by G. M. Gladden Jr. to Williams and Davis, the date of receipt being November 26, 1925. This receipt was in the possession of G. M. Gladden Jr., at the time of rendition of the judgment in favor of the Bank of Tallapoosa against L. P. and G. C. Allen. In support of this ground the movants introduced the affidavit of M. C. Allen, in which he deposed to the facts just stated; the affidavit of L. P. and G. C. Allen, in which they deposed that they did not know of the newly discovered evidence of M. C. Allen at the time of the trial, and that by proper diligence they could not have discovered it before the trial; and the affidavit of J. S. Edwards, in which he deposed that he was the sole counsel for the movants upon the trial of said case, that he did not know of the newly discovered evidence, that by proper diligence he could not have discovered it prior to the trial, and that he was diligent in the preparation of the case for trial. Under the evidence introduced by the plaintiffs it appears that they knew at the time it was done, and before the trial of the former case, that this cotton had been pledged as collateral for the payment of the note on which judgment was rendered in favor of the superintendent of banks, and that they set up this defense on the trial which resulted in the rendition of this judgment. The plaintiffs introduced evidence on

the trial of this case, tending to show that the mule note had been paid off under a settlement had between Williams and Gladden. According to this evidence the payment was made by repairs made on the farm of Williams by Gladden, and Williams had given Gladden a receipt showing payment of the mule note.

■ A verdict in favor of the defendant was demanded. The plaintiffs sought to enjoin the enforcement of the execution issued· upon the judgment against L. P. and G. C. Allen, two of the plaintiffs, in favor of the defendant, upon the ground that certain cotton had been pledged by Gladden, the other plaintiff, to the Bank of Tallapoosa to secure the note on which this judgment was obtained, that the Allens at the time they were sued had no knowledge that said cotton had been pledged by Gladden as collateral security for said note, and that for this reason they did not defend said suit. For this reason they prayed that the three fourths interest of Gladden in said cotton, of the value of $145, be applied to the settlement of the execution issued on said judgment, that the defendant be enjoined from collecting the same, and that the sheriff be likewise enjoined from undertaking to levy and enforce the execution. The evidence introduced by the plaintiffs shows that they knew, when this cotton was so pledged, that it was done prior to the time the suit was brought by the defendant on said note, and that the.Allens set up this defense when sued on said note. So this defense against the enforcement of this judgment is not supported by the evidence.

■ The plaintiffs introduced evidence tending to show that Gladden, one of the plaintiffs, had paid off the mule note to Williams and Davis, its payees, with funds other than those arising from the proceeds of the pledged cotton, and that the latter had given to the former a receipt acknowledging the payment of this note in full. In consequence of this fact the plaintiffs assert that the defendant was not authorized to apply the proceeds of this cotton to the payment of the mule note, even if the cotton had been pledged to secure the payment of that note, but certainly not if it had been pledged to secure the payment of the note on which the judgment was rendered; but in either event the bank should apply the proceeds to the payment of the note on which the judgment was rendered. As the evidence fails to disclose that the bank was not a bona fide holder of the mule note before due, the payment

thereof can not avail the plaintiffs. Payment of a negotiable note to one who is not the holder thereof, though one of the original payees, is not a good payment against such holder. So a verdict was demanded against the plaintiffs on their contention that the mule note had been paid off by Gladden with funds other than the proceeds of the cotton.

■ The alleged newly discovered evidence was cumulative, and would not authorize the grant of a new trial. A verdict was demanded against the plaintiffs, notwithstanding such newly discovered evidence.

■ As the verdict was demanded, it is unnecessary to consider the assignment of error as to the instruction upon preponderance of the evidence. *Judgment affirmed. All the Justices concur.*